900 So.2d 581 (2004)
TERRY PLUMBING & HOME SERVICES, INC., Appellant,
v.
James L. BERRY, Appellee.
No. 3D02-2920.
District Court of Appeal of Florida, Third District.
October 13, 2004.
Rehearing and Rehearing Denied May 4, 2005.
*582 George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens and Charles M-P George and Mitchell L. Lundeen, Fort Lauderdale, and Susana C. Nunez, for appellant.
Deehl & Carlson and David L. Deehl and Michele K. Feinzig, Miami, for appellee.
Before SCHWARTZ, LEVY, and SHEVIN, JJ.
Rehearing and Rehearing En Banc Denied May 4, 2005.
*583 PER CURIAM.
Terry Plumbing & Home Services ("Terry Plumbing"), defendant below, appeals from a directed verdict in favor of James Berry ("Berry"), the plaintiff below, from an Order granting Berry's Motion for Additur, and from an Order denying Terry Plumbing's Motion for Set-Off.
Berry was bitten in the lip by a dog belonging to Mr. Blackford, an employee of Terry Plumbing, while Mr. Blackford provided services at Mr. Berry's home, within the scope of his employment. Mr. Berry was injured and required special medical attention as a result. Mr. Berry filed suit against the Blackfords for strict liability,[1] and against Terry Plumbing for negligence, alleging that Terry Plumbing negligently permitted Mr. Blackford to bring a dog that was known, or should have been known, to have dangerous propensities,[2] without taking any measure to ensure the safety of customers like Mr. Berry. Attached with the Complaint, Mr. Berry served Terry Plumbing with a Request for Admissions, to which Terry Plumbing failed to respond. As a result, at trial, Berry sought technical admissions based on Terry Plumbing's failure to respond to the Request for Admissions. Terry Plumbing sought permission to file belated responses. The trial court denied Terry Plumbing's request, and Berry's Request for Admissions were deemed admitted.[3] At the end of the case, Berry moved for a directed verdict based on the unanswered admissions. The trial court reserved ruling on the matter, and the case was submitted to the jury.
The jury found that Terry Plumbing was negligent and that Berry was 30% comparatively negligent. The jury awarded Berry $7,637.10 for past medical expenses, $20,000.00 for future medical expenses, $50,000.00 for past pain and suffering and nothing for future pain and suffering. After the jury was polled, Berry's counsel asked that the verdict be resubmitted to the jury for further deliberations on the award of future pain and suffering. Counsel argued that the verdict was inconsistent because the jury did not award any monies for future pain and suffering, yet awarded $20,000 for future medical expenses. The court agreed and sent the jury back to award damages for future pain and suffering. The modified verdict awarded Berry damages for future pain and suffering in the amount of $25,000.00.
After the verdict, Berry renewed his Motion for Directed Verdict on the Request for Admissions. The trial court granted a directed verdict for Berry based on the admissions. Berry also filed a Motion for Additur, arguing that the $25,000.00 awarded for future pain and suffering was inadequate where the jury awarded $20,000.00 for future medicals. The trial court granted Berry's Motion for Additur for future pain and suffering, awarding an additional $125,000.00 to the $25,000 jury award. Berry also moved for attorney's fees, which the trial court denied.
Terry Plumbing filed a Motion for Set-Off, arguing that it was entitled to a set-off pursuant to section 768.041(2), Florida Statutes, because Mr. Berry reached a settlement agreement with the dog owner, *584 Mr. Blackford. Berry argued that Terry Plumbing was not entitled to a set-off where it did not plead or prove the liability of the Blackfords. Alternatively, Berry argued that set-off should be limited to the amount equaling the percentage of the jury award allocated to economic damages, i.e., $11,837.48. The trial court denied Terry Plumbing's Motion for Set-off on the ground that Terry Plumbing failed to plead and/or prove contribution, or the liability of another. Terry Plumbing appeals on several grounds. We find merit in Terry Plumbing's arguments, to wit, that the trial court improvidently entered a directed verdict on Terry Plumbing's comparative negligence defense, and that the court erroneously granted Berry's Motion for Additur where there was no basis for an additur award. With respect to the set-off issue, we hold that set-off was proper only as to the economic damages.

DIRECTED VERDICT ON TERRY PLUMBING'S COMPARATIVE NEGLIGENCE CLAIM
After Terry Plumbing's case, Berry moved for a Directed Verdict based upon the unanswered Request for Admissions and the evidence at trial. Specifically, Berry argued that Terry Plumbing was aware that the dog was "a problem." Additionally, Berry argued that, based on the unanswered Requests for Admissions, Terry Plumbing admitted that the attack was unprovoked.
A trial court is authorized to grant a Motion for Directed Verdict when there is no evidence to support the plaintiff's comparative negligence. Fla. Ass'n of Workers for the Blind, Inc. v. Guillaume, 618 So.2d 275 (Fla. 3d DCA 1993). However, a Motion for Directed Verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence. Nunez v. Lee County, 777 So.2d 1016 (Fla. 2d DCA 2000); Pascale v. Fed. Express Corp., 656 So.2d 1351, 1353 (Fla. 4th DCA 1995). We find that there was sufficient evidence to submit the issue of Berry's comparative negligence to the jury, despite the admissions.
Terry Plumbing presented the testimony of Mr. Blackford who testified that prior to the incident he advised Berry that the dog was maturing and had previously "nipped" the owner's son in the finger when he reached through the window of the truck. Mr. Blackford further testified that Berry got close to the dog, and gave him a couple of "little shakes" around the collar, before the dog bit him. Additionally, there was some testimony that Berry initially accepted responsibility for the bite. Berry, on the other hand, testified that Mr. Blackford did not warn him of any prior incidents involving the dog, and that he first learned that the dog previously bit the owner's son when he overheard a conversation Mr. Blackford was having on his company walkie-talkie when he notified the company that the dog bit Mr. Berry.
In light of the disputed evidence, the trial court improvidently entered a directed verdict against Terry Plumbing's comparative negligence defense. In fact, the jury's finding that Berry was thirty percent negligent is supported by the Record. Thus, we reverse the directed verdict and remand with instructions to reinstate the jury's verdict on Terry Plumbing's comparative negligence claim.

ADDITUR
After deliberations, the jury returned its verdict, awarding Berry $7,637.10 for past medical expenses, $50,000 for past pain and suffering, $20,000 for future medicals expenses, and nothing for future pain and suffering. After the jury was polled, Berry's counsel asked the court to resubmit the verdict to the jury *585 for further deliberations on the award of future pain and suffering on the ground that the verdict was inconsistent because the jury did not award any monies for future pain and suffering, despite awarding $20,000 for future medical expenses. The court agreed and sent the jury back to award damages for future pain and suffering. The jury then returned with a $25,000 award for future pain and suffering. Berry then filed a Motion for Additur, which the trial court granted, awarding an additional $125,000, a total of $150,000 for future pain and suffering. We find that the trial court abused its discretion in granting an additur of the future pain and suffering award, after he had already resubmitted the issue to the jury for further deliberation.
A trial judge has broad discretion in ruling on a Motion for Additur. § 768.74(6), Fla. Stat. (2003). To this end, a trial court's determination to grant a Motion for Additur is reviewed for abuse of discretion. Arena Parking, Inc. v. Lon Worth Crow Ins. Agency, 768 So.2d 1107, 1109 (Fla. 3d DCA 2000). However, in determining whether the jury verdict is adequate, the trial court "cannot sit as a seventh juror." Republic Serv. of Fla., L.P. v. Poucher, 851 So.2d 866 (Fla. 1st DCA 2003)(quoting Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970)); Aurbach v. Gallina, 721 So.2d 756 (Fla. 4th DCA 1998).
Section 768.74(1), Florida Statutes, authorizes trial courts to review damages awarded under a verdict "to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact." § 768.74(1) Fla. Stat. (2003). Section 768.74(5), Florida Statutes, requires the court to consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.74(5), Fla. Stat. (2003).
In the instant case, the testimony regarding future medical and future pain and suffering included testimony that Berry is not currently experiencing any pain; that Berry was back to work; that Berry's speech appears to be fine; that Berry may consider additional surgeries and that, although the surgeries are not necessary, they should be considered; that Berry experiences some numbness; and that his disability is "cosmetic," not functional. Thus, the evidence is not conclusive that Berry requires the additional surgery, nor that he intends to have the additional surgery. Moreover, the Record suggests that Berry resumed his normal lifestyle after enduring both surgeries and the therapies. Contrary to the trial court's and Berry's concern that the jury's future pain and suffering award did not bear a reasonable relation to the future medical award, we see no error in the jury's award of $25,000.
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred *586 past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow. . . that an award of future medical expenses requires an award of noneconomic damages.
Our standard jury instructions do not require consistency in these verdicts. They allow a jury to return a verdict finding a permanent injury, but do not require an award of damages.
Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111-12 (Fla.1998)(quoting, and approving, Judge Klein's dissent in Allstate Ins. Co. v. Manasse, 681 So.2d 779, 785 (Fla. 4th DCA 1996)). In light of the evidence presented and the Record before us, we conclude that the jury could have reached its verdict in a manner consistent with the evidence presented. See Republic Services of Florida, 851 So.2d at 871. Accordingly, we reverse the additur of the future pain and suffering.

SET-OFF
Terry Plumbing moved for a set-off in the amount of Berry's pretrial settlement with the dog owners, the Blackfords. The trial court denied the request, finding that Terry Plumbing failed to plead and/or prove contribution, or the liability of another. We reverse this portion of the Final Judgment and hold that set-off was appropriate with respect to the economic damages only. See Wells v. Tallahassee Mem'l Reg'l Med. Ctr., 659 So.2d 249 (Fla. 1995); see also D'Angelo v. Fitzmaurice, 863 So.2d 311, 312 (Fla.2003)("hold[ing] that it is appropriate to set off against the economic damages portion of an award against one tortfeasor . . . the economic damages portion of any settlement recovered from a settling tortfeasor for the same incident causing the injury where the settling tortfeasor was not included on the verdict form. However, there should be no setoff for noneconomic damages.").
In D'Angelo, the Supreme Court approved Wells and explained that while a defendant is solely responsible for her or his share of any noneconomic damages, the portion of any settlement with a co-defendant which represents a recovery for economic damages is available to offset the defendant's liability for economic damages. D'Angelo, 863 So.2d at 315. Moreover, the Court distinguished a defendant who is "found not liable" and one who is "not found liable." Id. at 316-17 (citing Gouty v. Schnepel, 795 So.2d 959 (Fla.2001)). The Court explained that the former is considered in the jury verdict as in Gouty, and a set-off is precluded because the jury "expressly rejected a finding that [the settling defendant] was a joint tortfeasor." D'Angelo, 863 So.2d at 317 (quoting Gouty, 795 So.2d at 966). The latter's liability, however, was not considered by the jury and the non-settling defendant may seek a set-off of the economic damages as in D'Angelo. Id.
We hold that the instant case, where the settling defendant was not included in the verdict, the defendant is entitled to a set-off, limited to the economic damages as provided for in Wells and D'Angelo. See also Cousins Club Corp. v. Silva, 869 So.2d 719, 722 (Fla. 4th DCA 2004). To determine the amount of the judgment after the set-off, the Wells formula must be used.
(1)economic damages / total jury award = percentage of jury's award allocated to economic damages; (2) settlements x percentage of jury's award allocated to economic damages = portion of settlements *587 that nonsettling defendant is entitled to set off; (3) economic damagesportion of settlements that nonsettling defendant is entitled to set offsocial security benefits = economic damages for which nonsettling defendant is liable; (4) noneconomic damages x percentage of fault apportioned to nonsettling defendant = noneconomic damages for which nonsettling defendant is liable; (5) economic damages for which nonsettling defendant is liable + noneconomic damages for which nonsettling defendant is liable + cost = nonsettling defendant's liability.
Wells, 659 So.2d at 254 n. 3. Accordingly, we remand this point with directions that the trial court set-off the economic damages award pursuant to Wells.

CONCLUSION
In sum, we reverse the directed verdict granted in favor of Berry; reverse the additur granted by the trial court with respect to Berry's future pain and suffering; reverse the trial court's denial of a set-off for the economic damages; and remand with directions that judgment be entered in favor of Berry consistent with the jury verdict, after it was resubmitted to the jury on the future pain and suffering issue, less the setoff, consistent with Wells.
Reversed and remanded with instructions.
NOTES
[1] Prior to trial, Mr. Berry settled with the Blackfords for $97,500.00.
[2] It was established at trial that on at least two occasions the dog had bitten or acted aggressively to other employees.
[3] The admissions read to the jury included basic information about the attack, that Terry Plumbing knew of the dangerous propensity of the dog before the attack, that the dog attacked Berry, biting him in the face, and that Berry suffered permanent injuries.