944 So.2d 1115 (2006)
Wendy A. MOORE, Appellant,
v.
Dorothy M. PERRY, Appellee.
No. 5D05-1956.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
Rehearing Denied January 5, 2007.
Jessica J. Recksiedler of Thompson & Associates, P.A., Maitland, and Elizabeth *1116 C. Wheeler, of Elizabeth C. Wheeler, P.A., Orlando, for Appellant.
R. David Ayers, Jr., of Ayers & Ayers, Winter Park, for Appellee.
MONACO, J.
This appeal raises an issue concerning the propriety of a grant of an additur in a personal injury action growing out of an automobile accident. Because we find that the trial court abused its discretion in granting the additur, we reverse.
The appellee, Dorothy Perry, filed a personal injury action against the appellant, Wendy A. Moore, as a result of an automobile accident caused when Ms. Moore's vehicle rear-ended one driven by Ms. Perry. Ms. Perry sought damages for bodily injury, medical expenses, and loss of earnings, as well as, damages for the aggravation of a previously existing condition. Ms. Moore conceded liability, and the case proceeded to trial solely on the issue of damages. The jury found that Ms. Perry suffered no permanent injuries as a result of the accident, but awarded her $7,250 for past medical expenses, $8,000 for future medical expenses, and $2,300 for past lost earnings. It awarded her no damages for future lost earnings or lost earning capacity.
Ms. Perry filed a motion for additur pursuant to section 768.043, Florida Statutes (2005), pointing out that although she incurred $43,166.90 in medical bills, the jury only awarded $7,250 for that element of damages. She posited that although it might be proper for the jury not to award damages resulting from medical attention to a heart condition from which she had long suffered, there was still $10,582.99 in bills that she thought should have been compensated. She claimed, therefore, that the verdict was contrary to the manifest weight of the evidence and inadequate as a matter of law.[1]
Eventually the trial court entered an order granting Ms. Perry's motion for additur in the amount of $10,582.99 or new trial. The order is conclusory in nature and does not state the reasons for the court's action. At the hearing on the motion, however, the trial judge stated that while the jury could "disagree" with the amount associated with Ms. Perry's heart condition, "there should have been no conflict" with respect to the remaining $17,832.99 in past medical expenses. Ms. Moore appeals.
There are two statutes that address the subject of additur and remittitur. The older statute, section 768.043, Florida Statutes (2005), was adopted in 1977, and addresses remittitur and additur with respect to cases arising out of the operation of motor vehicles. The more recent statute, section 768.74, Florida Statutes (2005), was adopted in 1986, and extended the capacity of a trial judge to order remittitur or additur in any case where the trier of fact determines that liability exists on the part of a defendant and renders a verdict awarding money damages to a plaintiff. The statutes are substantially similar. See Smith v. Dep't of Ins., 507 So.2d 1080, 1092 n. 10 (Fla.1987).
Section 768.043 provides generally that in cases arising out of the operation of a motor vehicle, when the trier of fact determines that liability exists on the part of a defendant and a verdict is rendered which awards money damages to a plaintiff, it is the responsibility of the court, upon proper motion, to review the amount of such award and determine if the amount is *1117 "clearly excessive or inadequate in light of the facts and circumstances" that were presented at trial. If the court finds that the amount awarded is clearly inadequate, it should order additur. If the party adversely affected does not agree to the additur, it must be granted a new trial on the issue of damages only.
In determining whether an award is clearly inadequate a trial court is required by section 768.043(2) to consider, among other things, whether the trier of fact "ignored the evidence" or "misconceived the merits of the case relating to the amounts of damages recoverable." In addition, the court must determine whether the trier of fact took improper elements of damages into account, or arrived at the amount of its award by speculation or conjecture, or awarded an amount that was not reasonably related to the quantum of damages proved.
In the present case we are not favored with findings by the trial judge as contemplated by the statute, but we do know from comments made in open court that the judge found that there should have been no conflict on the jury's part with respect to medical bills not associated with Ms. Moore's heart condition. On this basis the trial judge ordered the additur in question.
The standard of review of an order granting additur is abuse of discretion. See Republic Servs. of Florida, L.P. v. Poucher, 851 So.2d 866 (Fla. 1st DCA 2003). Simply put, a trial court has broad discretion in ruling on a motion for additur. See Terry Plumbing & Home Servs., Inc. v. Berry, 900 So.2d 581, 584 (Fla. 3d DCA 2004), review denied, 914 So.2d 952 (Fla.2005); Davis v. Caterpillar, Inc., 787 So.2d 894 (Fla. 3d DCA 2001), review dismissed, 817 So.2d 845 (Fla.2002); see also Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999). Regardless of whether relief is ordered in this connection because the verdict is either excessive or inadequate, or is simply contrary to the manifest weight of the evidence, an appellate court must employ the reasonableness test in determining whether the trial court abused its discretion. See Beauvais v. Edell, 760 So.2d 262, 270 (Fla. 4th DCA 2000), review denied, 780 So.2d 912 (Fla. 2001); see also Trujillo v. Uniroyal Tire Co., 753 So.2d 1256 (Fla.2000).
In the present case the medical testimony was in sharp conflict as to the effect, if any, of the accident on Ms. Perry. Dr. Smith, for example, who testified on behalf of Ms. Perry, opined that the accident may have caused a herniated disk causing neck and arm pain, but that Ms. Perry had a long-standing preexisting arthritic condition in the lower back. Dr. Wright, who was Dr. Smith's associate, and Dr. Gizaw, another of Ms. Perry's treating physicians, both noted that Ms. Perry had been afflicted by preexisting arthritic degeneration throughout her entire cervical and lumbar spine. Dr. Uricchio, a defense medical expert, gave testimony that was perhaps the most damaging to plaintiff's case. He testified that he could not identify any significant orthopedic or other permanent medical problem suffered by Ms. Perry as a result of the accident. Dr. Uricchio, testifying on behalf of Ms. Moore, was of the opinion that all of Ms. Perry's disk and spinal problems shown on x-rays and MRI's were preexisting and the result of a degenerative process at all levels. Thus, there was ample room for the jury to attribute certain of the medical bills to the accident, and to find that others were not causally related.
Moreover, the jury was specifically instructed that if it found that there was an aggravation to an existing disease or physical defect, it should determine what portion of Ms. Perry's injuries resulted from the aggravation, and make provision in the *1118 verdict only for that aggravation. Consequently, the jury, if it chose to do so, could have awarded damages for an aggravation of those preexisting conditions. The jury, however, found that no permanent injuries resulted from the accident, and thus inferentially found that no aggravation to a preexisting condition resulted. As it was privileged to do, the jury then apportioned the medical bills between those that it found to be caused by Ms. Moore, and those that were not. Given the divergent quality of the evidence, the jury's determination should not have been disturbed.
The case of Ortlieb v. Butts, 849 So.2d 1165 (Fla. 4th DCA 2003), bears some similarity to the instant case. There, the defendant, Ortlieb, rear-ended a vehicle driven by Carmen Butts while she was stopped at a stop sign. The jury returned a verdict finding defendant 75% negligent and Ms. Butts 25% negligent. After considering contradictory medical testimony concerning the cause and extent of the plaintiff's damages, it awarded Ms. Butts $10,000 in past medical expenses, and determined that she had sustained no permanent injury as a result of the accident. Ms. Butts moved for a new trial or additur, alleging that the jury ignored the unrefuted evidence presented at trial that established she incurred $21,244.74 in medical expenses. The trial court granted additur in the amount of $21,000 because the "jury inappropriately failed to consider unrebutted evidence as to the medical expenses." Defendant then appealed the order of additur, and Ms. Butts appealed the denial of an earlier motion for directed verdict on liability. The Fourth District Court stated:
Where there is undisputed evidence supporting an award of damages and the jury failed to make such an award, it is error for the trial court to deny motion for additur. [Cite omitted]. On the other hand, where the evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence, it is error for the trial court to veto the jury verdict by granting a motion for additur. [Cite omitted].
Butts, 849 So.2d at 1166-67. Notably, in Butts, the Fourth District reversed the order of additur as well as the denial of a directed verdict, and directed entry of a judgment in favor of Ms. Butts for the full amount of the jury verdict, because it concluded that the jury could have determined that Butts' jaw problems were not caused by the accident at all, but were the result of other conditions. That is to say, the appellate court reasoned that the jury's verdict in Butts was consistent with the "conflicting" evidence. Cf., Russell v. KSL Hotel Corp., 887 So.2d 372 (Fla. 3d DCA 2004).
Here, as well, the jury reached a verdict that was consistent with the conflicting evidence concerning Ms. Perry's medical condition and concluded that not all of the claimed medical expenses were caused by the accident. The jury could reasonably have related part of the past medical expenses to age-related, preexisting degeneration, consistent with the defense evidence. It has often been said that a trial judge should not sit as a seventh juror with veto power over the jury's verdict. See Adams v. Wright, 403 So.2d 391, 393 (Fla.1981); Butts. Because a reasonable jury could have returned a verdict of $7,250.00 for past medical expenses, the trial court's final judgment granting additur must be reversed.
There are other assertions made by Ms. Moore in this appeal, but none are meritorious. Accordingly, we reverse the order granting additur and remand with instructions for entry of a judgment consistent with the jury's verdict.
*1119 REVERSED and REMANDED with instructions.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] A procedural morass thereafter ensued. It would add nothing to the holding to recite it in detail.