PER CURIAM.
The appellants, the plaintiffs below, appeal an order granting a new trial as to the issues of causation and damages in a medical malpractice case.
With respect to that portion of the trial court’s order pertaining to damages, we relinquish jurisdiction and remand to the trial court for the purpose of compliance with Florida Rule of Civil Procedure 1.580(f), which provides as follows:
(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
We conclude that the reasons offered by the trial court justifying its decision to grant a new trial as to all damage issues are insufficient in light of the rule’s requirement that the order “specify the specific grounds therefor.” See Prime Motor Inns, Inc. v. Wattman, 480 So.2d 88, 89 (Fla.1985). Additionally, the trial court shall determine whether the appellees, the defendants below, are entitled to a new trial in which all damage issues will be considered, or in which only the issue of future medical damages will be addressed. See ITT Hartford Ins. Co. v. Owens, 816 So.2d 572, 577-79 (Fla.2002).
The matter is thus remanded to the trial court for further proceedings in accordance with the above cited authorities. Upon completion of these further proceedings, either party may give notice to this court as to the necessity for a resumption of jurisdiction.

Remanded to the trial court for further proceedings consistent with this opinion.

POLEN, CIKLIN and LEVINE, JJ., concur.