PER CURIAM.
Previously we remanded this matter to the trial court with instructions to provide more specific grounds for granting a new trial as to the element of damages in a medical malpractice case involving the possible failure to diagnose a brain-stem tumor in an infant. Ramos v. Coombs, 54 So.3d 1038 (Fla. 4th DCA 2011). The trial court has since issued a lengthy new trial order, the parties have provided us with additional briefing as to this new order, and we now resume our jurisdiction over this appeal. Based upon our review of both the original and the most recent orders, we find that the trial court did not abuse its discretion in ordering a new trial as to the elements of causation and damages.
“When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness' test to determine whether the trial judge committed an abuse of discretion.” Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999). The mere existence of competent, substantial evidence to support the jury verdict “does not necessarily demonstrate that the trial judge abused his or her discretion.” Id. at 498. “The trial judge’s discretion permits the grant of a new trial even if it is not clear, obvious and indisputable that the jury was wrong.” Kuebler v. Ferris, 65 So.3d 1154, 1157 (Fla. 4th DCA 2011).
In its original order granting a new trial, the trial court found that the only expert that Appellants offered on causation was not qualified to speak to that element.[1] Continuing, the trial court found that even if that expert were qualified to testify about causation, her “limited credentials” were substantially outweighed by Appellees’ experts’ “unquestionable expertise and experience” in the “hyper-technical area of medicine” at issue. We find no abuse of discretion in the trial court’s ordering a new trial as to causation.
As for the trial court’s new order which explains its reasoning for ordering a new trial as to damages, we again find no abuse of discretion. The trial court dem *1270 onstrated how the element of damages was intertwined with causation such that any infirmity as to causation would render the damages verdict against the manifest weight of the evidence as well. It is clear to us that the trial court did not act as a seventh juror in ordering a new trial as to the elements of causation and damages. See, e.g., Moore v. Perry, 944 So.2d 1115, 1118 (Fla. 5th DCA 2006) (“It has often been said that a trial judge should not sit as a seventh juror with veto power over the jury’s verdict.”).
We find the Florida Supreme Court’s words in Brown apropos: “This case involves complex issues and circumstances, and the trial judge was better positioned than any other person to comprehend the processes by which the ultimate decision of the jury was reached.” Brown, 749 So.2d at 499.
Having reviewed Appellants’ other arguments on appeal, we conclude that they are without merit and do not discuss them further.

Affirmed.

POLEN, CIKLIN and LEVINE, JJ., concur.

. During the trial, the trial court had deferred ruling on the expert's qualification as to causation.