# Supreme Court of Florida

---

No. SC22-115

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE 1.530 AND 1.535.**

August 25, 2022

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee (Committee) has filed a report proposing amendments to Florida Rules of Civil Procedure 1.530 (Motions for New Trial and Rehearing; Amendments of Judgments) and 1.535 (Remittitur and Additur).[1] The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments. The proposal was previously published for comment by both the Committee and this Court, and no comments were received following either publication.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Having considered the proposed amendments, the Court hereby amends rules 1.530 and 1.535 as proposed by the Committee. To clarify when the deadline to file a motion for new trial or motion for rehearing begins to run, the phrase "15 days after entry of the judgment," in subdivisions (d) and (g), is replaced with "15 days after the date of filing of the judgment." As for rule 1.535, because the provisions of that rule deal entirely with motions filed in connection with the procedures set forth in rule 1.530, the text of rule 1.535 is moved to rule 1.530 as new subdivision (h), and rule 1.535 is deleted. Finally, "Remittitur or Additur" is added to the title of rule 1.530 to reflect that rule 1.530 will now address motions for remittitur and additur.

Florida Rules of Civil Procedure 1.530 and 1.535 are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective October 1, 2022, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

- 2 -

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Lance V. Curry III, Chair, Civil Procedure Rules Committee, Tampa, Florida, Jason P. Stearns, Past Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, and Mikalla Andies Davis, Bar Liaison, The Florida Bar, Tallahassee, Florida,

 for Petitioner

# APPENDIX

## RULE 1.530.   MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS; <u>REMITTITUR OR ADDITUR</u>

**(a)**   [No change]

**(b)   Time for Motion.** A motion for new trial or for rehearing ~~shall~~<u>must</u> be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.

**(c)   Time for Serving Affidavits.** When a motion for a new trial is based on affidavits, the affidavits ~~shall~~<u>must</u> be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

**(d)   On Initiative of Court.** Not later than 15 days after ~~entry of~~<u>the date of filing of the</u> judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.

**(e)   When Motion Is Unnecessary; Non-Jury ~~Case~~<u>Action</u>.** ~~When an action has been tried by the court without a jury~~<u>In a non-jury action</u>, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.

**(f)   Order Granting to Specify Grounds.** All orders granting a new trial ~~shall specify~~<u>must state</u> the specific grounds therefor. If

such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.

**(g)     Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 15 days after ~~entry of~~the date of filing of the judgment, except that this rule does not affect the remedies in rule 1.540(b).

**(h)     Motion for Remittitur or Additur.**

(1)     Not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, any party may serve a motion for remittitur or additur. The motion must state the applicable Florida law under which it is being made, the amount the movant contends the verdict should be, and the specific evidence that supports the amount stated or a statement of the improper elements of damages included in the damages award.

(2)     If a remittitur or additur is granted, the court must state the specific statutory criteria relied on.

(3)     Any party adversely affected by the order granting remittitur or additur may reject the award and elect a new trial on the issue of damages only by filing a written election within 15 days after the order granting remittitur or additur is filed.

**Committee Notes**

[No change]

**Court Commentary**

[No change]

**RULE 1.535    REMITTITUR AND ADDITUR**

(a)    Within the time provided in rule 1.530 (b), any party may serve a motion for remittitur or additur. The motion shall state the applicable Florida law under which it is being made, the amount the movant contends the verdict should be, and the specific evidence that supports the amount stated or a statement of the improper elements of damages included in the damages award.

(b)    If a remittitur or additur is granted, the court must state the specific statutory criteria relied on.

(c)    Any party adversely affected by the order granting remittitur or additur may reject the award and elect a new trial on the issue of damages only by filing a written election within 15 days after the order granting remittitur or additur is filed.

**Committee Notes**

**2019 Adoption.** Subdivision (a) defines a "proper motion" as referenced in section 768.74, Florida Statutes. A motion that does not provide for an amount that the movant believes was proven by the evidence at trial is not a proper motion. *Hendry v. Zelaya*, 841 So. 2d 572 (Fla. 3d DCA 2003).

Subdivision (b) is to assist the appellate court in its review of the order granting remittitur or additur. *Moore v. Perry*, 944 So. 2d 1115 (Fla. 5th DCA 2006) (finding the order deficient for lack of specific reasons for granting the order, but finding sufficient support in comments by the court at the hearing). *See also Kovacs v. Venetian Sedan Service, Inc.*, 108 So. 2d 611 (Fla. 3d DCA 1959) (indicating that an order granting remittitur must state the specific reasons for remittitur because it will convert to an order granting new trial if not accepted); *Adams v. Saavedra*, 65 So. 3d 1185 (Fla. 4th DCA 2011).

Subdivision (c) provides for a time limit to exercise the right to elect a new trial established in *Waste Management, Inc. v. Mora*, 940 So. 2d 1105 (Fla. 2006).