668 So.2d 311 (1996)
AIRSTAR, INC., d/b/a Air Control Systems Northeast and Michael Dean Cranford, Appellants/Cross-Appellees,
v.
Helen GUBBINS, Appellee/Cross-Appellant.
No. 94-3429.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
*312 Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, for appellants/cross-appellees.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Christopher M. Larmoyeux of Montgomery & Larmoyeux, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
In this appeal and cross-appeal arising from a motor vehicle accident, the jury returned a verdict finding that appellee did not sustain a permanent injury in the accident and awarding zero damages.[1] Appellants contend on appeal that it was error for the trial court to set aside the jury's verdict and enter an additur for appellee. We agree and reverse.
The trial court granted appellee's motion for additur, ruling that the sum of $47,935 was to be added to the jury's verdict while at the same time denying appellee's motion for a new trial. When a trial court awards an additur in accordance with section 768.043, Florida Statutes (1993), the trial court must consider the statutory criteria when evaluating whether an award is inadequate. These criteria include:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.043(2)(a)-(e), Fla.Stat. (1993).
In the instant case, the trial court did not include its findings in support of additur and, therefore, we cannot determine the grounds upon which the motion was granted. Ordinarily, we would relinquish jurisdiction to permit the trial court to make the required findings in support of its order granting additur. See Lindenfield v. Dorazio by Dorazio, 606 So.2d 1255, 1257 (Fla. 4th DCA 1992). However, our examination of the record, in light of the statutory criteria listed above, leads us to conclude that the lower court abused its discretion in granting appellee's motion for additur.
The medical testimony was in sharp conflict. Appellee contended that she sustained permanent neck injuries in the 1991 accident, which necessitated two surgical spinal *313 fusion procedures at the level of the fifth and sixth cervical vertebrae. It was undisputed that appellee had been involved in several previous car accidents, one of which occurred in 1985. There was evidence that appellee sustained permanent neck injuries as a result of the 1985 accident. Conversely, one physician testified that appellee probably would not end up with a ratable impairment for permanent injury as a result of the 1985 accident. Several physicians testified that appellee suffered from osteoporosis and preexisting degenerative disease of the fifth and sixth cervical vertebrae, which one orthopedic surgeon, Dr. Sullivan, testified caused significant symptoms from which appellee would not completely recover. Dr. Sullivan also testified that appellee was neither injured nor suffered a permanent aggravation of a preexisting condition as a result of the 1991 accident. Rather, Dr. Sullivan opined that appellee suffered from fibromyalgia or that she may have been exaggerating her symptoms. In contrast, at least two physicians who treated appellee after the 1991 accident concluded that appellee sustained a permanent injury in the 1991 accident. However, one of those physicians, Dr. Gogan, admitted on cross examination that he did not know when appellee's injuries first arose as he had relied on the truthfulness of the patient's history, and the appellee did not list the 1985 accident in the handwritten history that she provided to him. The driver of the car that collided with appellee's car in the 1991 accident testified that appellee had complained to him after the accident that her neck had been bothering her for two weeks prior to the accident. During the hearing on post-trial motions, the trial court even remarked that it thought the jury found that the impact of the 1991 accident was not sufficient to cause appellee's injuries.
The jurors could have reached their verdict in a manner consistent with the evidence and concluded that appellee was not injured as a result of the 1991 accident and that any injuries were caused by prior accidents, age-related degeneration, other preexisting conditions or factors unrelated to the 1991 accident. See Hertz Corp. v. David Klein Mfg., Inc., 636 So.2d 189 (Fla. 3d DCA 1994). For the trial court to have granted the additur, it would have had to determine the opposite, in other words that the accident caused an injury. Mindful that a trial judge should not sit as a seventh juror with veto power, we remand with instructions to reinstate the jury's verdict. See Adams v. Wright, 403 So.2d 391, 395 (Fla.1981); see also Griefer v. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993) (as modified on denial of rehearing).
On the cross-appeal, we affirm the denial of the motion for a new trial, as the jury's verdict was supported by substantial competent evidence and no reversible error has been demonstrated.
Reversed in part, affirmed in part, and remanded for treatment consistent with this opinion.
WARNER, FARMER and SHAHOOD, JJ., concur.
NOTES
[1] A directed verdict on the issue of liability was granted in favor of appellee and has not been challenged on appeal.