721 So.2d 756 (1998)
Michael AURBACH and Marcia Elkington Aurbach, his wife, Appellants,
v.
Angelina GALLINA, Carolina Gallina, and Louis Gallina, jointly and severally, Appellees.
No. 97-1779.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
*757 R. Fred Lewis of Kuvin Lewis Restani & Stettin, P.A., Miami, and Dan W. Moses, Boca Raton, for appellants.
Angela C. Flowers and Caryn Bellus-Lewis of Kubicki Draper, Miami, for appellees.
GROSS, J.
Appellant Michael Aurbach was injured in an automobile accident by a car driven by Angelina Gallina. Along with his wife Marcia, Aurbach sued Angelina and her parents, Louis and Carolina Gallina. The Gallinas admitted Angelina's liability.
At trial, the jury awarded damages of $384,935.99, which included $80,010.99 for past medical expenses, $20,000 in future medical expenses, $34,925 in lost wages, $100,000 for past non-economic damages and $150,000 in future non-economic damages. The jury awarded no damages for Marcia Aurbach's loss of consortium. She filed a motion for additur on her consortium claim. The trial court's entry of final judgment after hearing all post-trial motions was tantamount to a denial of the motion for additur.
Section 768.74(1), Florida Statutes (1997), authorizes additur in cases where the trial court determines that an award of damages is "inadequate in light of the facts and *758 circumstances which were presented to the trier of fact." Section 768.74 did not alter the "longstanding principles" governing a trial court's deference to a jury's assessment of damages. See Poole v. Veterans Auto Sales and Leasing Co. Inc., 668 So.2d 189, 191 (Fla.1996). Additur is an appropriate remedy only where a damage award is so inadequate as to shock the conscience of the court; a trial judge may not "sit as a `seventh juror,' thereby substituting his or her resolution of the factual issues for that of the jury." Id. at 191; Rowlands v. Signal Constr. Co., 549 So.2d 1380, 1382 (Fla.1989). A trial court's determination regarding additur may be reversed on appeal only where there is a clear abuse of discretion. See Doughty v. Insurance Co. of N. Am., 701 So.2d 1225, 1226 (Fla. 4th DCA 1997); Valinzo v. Cem-Kam, Inc., 698 So.2d 359, 360 (Fla. 4th DCA 1997); Airstar, Inc. v. Gubbins, 668 So.2d 311, 312 (Fla. 4th DCA 1996).
On a consortium claim, where sufficient undisputed evidence was presented that would require an award of at least nominal damages, a zero verdict is inadequate as a matter of law. See Waldron v. Dorsey, 585 So.2d 403, 404 (Fla. 1st DCA 1991); Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991). An award that is inadequate as a matter of law may be ameliorated by additur under section 768.74. See Mason v. District Bd. of Trustees of Broward Community College, 644 So.2d 160 (Fla. 4th DCA 1994). In this case, there was undisputed evidence that supported a consortium award. After the accident, Michael Aurbach was confined in the hospital for 12 days, during which he underwent surgical procedures. Upon his release from the hospital, his injuries limited him to the first floor of his home and he required Marcia's assistance to perform personal hygiene functions, such as shaving and bathing. In addition to a cervical fracture, Michael Aurbach's foot and ankle could not bear weight for some months after the accident. Compare Christopher, 577 So.2d at 618 (at least nominal consortium damages required where husband lost wife's services during her one week hospitalization and convalescence relating to cervical diskectomy and fusion). Under these circumstances, the trial court abused its discretion in denying Marcia Aurbach's motion for additur. We remand with direction to grant the motion for additur and to determine an appropriate amount for her loss of consortium pursuant to section 768.74. See Doughty, 701 So.2d at 1227; Mason, 644 So.2d at 160.
We reject the Gallinas' argument that Marcia Aurbach waived her entitlement to additur because she did not file a motion for new trial. Typically, a motion for additur will be coupled with a motion for new trial. See Trawick, Fla.Prac. and Proc. § 26-1 (1993 ed.). However, the only pleading requirement in section 768.74 is that a "proper motion" be made for remittitur and additur. See Fitzmaurice v. Smith, 593 So.2d 1197, 1198 (Fla. 4th DCA 1992). The statute does not mandate the concomitant filing of a motion for new trial. Especially for a limited issue such as loss of consortium, a party may choose not to seek the expensive, extensive relief of a new trial, preferring instead to travel only under section 768.74 with a motion for remittitur or additur. Of course, if a motion is granted under the statute, the "party adversely affected" may elect not to agree with the ruling, so that a new trial on damages may be necessary. See § 768.74(4), Fla.Stat. (1997).
The second issue on this appeal concerns Louis Gallina's liability under the dangerous instrumentality doctrine. By a special interrogatory on the verdict form, the jury found that Louis Gallina owned or had the right to control the vehicle driven by his daughter, Angelina, at the time of the accident and that Angelina had her father's express or implied consent to drive it. After the trial, Louis Gallina moved for judgment in accordance with his motion for directed verdict. The trial court granted the motion.
The order granting Louis Gallina's post-trial motion is reviewed under the same standard that applies to review of an order granting a directed verdict at trial. See Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 171-72 (Fla. 4th DCA 1994). The motion admits the truth of all facts in evidence and every conclusion or inference that could be drawn by the jury favorable to the non-moving party. As this court observed in *759 Warshall v. Price, 629 So.2d 903, 904 n. 2 (Fla. 4th DCA 1993):
A trial court may properly direct a verdict only when, viewing the evidence (and all reasonable inferences which could be drawn therefrom) in the light most favorable to the non-movant, there is no room for reasonable minds to differ and the movant is clearly entitled to judgment as a matter of law.
(Citation omitted) (emphasis supplied).
The evidence at trial was that the car involved in the accident was titled in the name of Louis Gallina's wife, Carolina. The car was purchased with Louis and Carolina's joint funds. Before buying the car, the Gallinas test drove it together. The car was purchased with the intent that the Gallinas' other daughter, Caroline, be the primary user, but that both of their daughters would be allowed to drive it. The expenses to maintain the car were paid out of the Gallinas' joint account. The Gallinas kept the automobile at the home where both of them resided.
The rationale for the dangerous instrumentality doctrine is
that the one who originates the danger by entrusting the automobile to another is in the best position to make certain that there will be adequate resources with which to pay the damages caused by its negligent operation.
Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363, 1365 (Fla.1990). In applying the doctrine, case law has imposed liability where there has been an identifiable property relationship between a defendant and a motor vehicle.
Thus, in Frankel v. Fleming, 69 So.2d 887 (Fla.1954), our supreme court held that a bailee for hire was liable under the dangerous instrumentality doctrine when he delivered possession of a car to a third person who causes an accident. See Brown v. Goldberg, Rubenstein & Buckley, P.A., 455 So.2d 487 (Fla. 2d DCA 1984). Metzel v. Robinson, 102 So.2d 385 (Fla.1958), involved a vehicle titled in the name of Anna Metzel and which was negligently operated by Metzel's nephew. Metzel argued that since she was not the actual owner of the car, she was not legally responsible for her nephew's accident. Metzel had taken title of the car in her name only to assist her nephew in purchasing and financing. After the purchase, her nephew took possession of the car and Metzel had nothing more to do with it. Our supreme court held that Metzel was an owner of the car as a matter of law, observing that she had taken no action to divest herself of title to the car and that she was "still in a position to exert some dominion and control over the vehicle." Id. at 386; see Marshall v. Gawel, 696 So.2d 937 (Fla. 2d DCA 1997).
A case similar to this one is Wilsen v. Lesser, 434 So.2d 1033 (Fla. 3d DCA 1983). In that case, a father purchased an automobile for his 18 year old daughter, who resided at home with her parents. The car was titled in the daughter's name. A friend of the daughter's drove the car into the rear of another automobile. Suit was brought against the father "on the theory that he bought the automobile for his daughter, who resided at home with her parents, and that he exercised some control over its operation." Id. at 1033. The third district affirmed a summary judgment in favor of the father on the issue of his liability.
In the context of family relationships, the better rule is to have legal responsibility follow title ownership, a bright line standard which makes liability under the dangerous instrumentality doctrine both foreseeable and predictable. To analyze family dynamics to determine all the "beneficial" owners of a car is to impose a fuzzy legal standard that will encourage litigation and potentially expand liability beyond that which is justified by the rationale for the rule.
In this case, Louis Gallina was not an owner, bailee, or lessee of the automobile sufficient to impose liability under the dangerous instrumentality doctrine. He did not put the car in the possession of a non-family member. Angelina Gallina's operation of the car on the date of the accident was with the permission of the title owner, her mother Carolina. Under the facts of this case, the trial court did not err in granting Louis *760 Gallina's motion in accordance with his motion for directed verdict.
We find no error in the trial court's refusal to disturb the jury's finding of comparative negligence.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.