849 So.2d 1165 (2003)
Megan ORTLIEB, Mark Ortlieb and Janet Ortlieb, Appellants,
v.
Carmen and Tracy BUTTS, Appellees.
No. 4D01-3902.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*1166 Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, and Patrick Shawn Spellacy of Green, Murphy, Wilke, Murphy & Spellacy, P.A., Boca Raton, for appellants.
Russell S. Adler and Michael A. Feiner of Karmin, Adler & Padowitz, Fort Lauderdale, for appellees.
WARNER, J.
Appellant Megan Ortlieb ("Ortlieb"), the defendant in a rear-end automobile accident, appeals the trial court's order granting an additur to appellee/plaintiff's damages. Appellee Carmen Butts ("Butts"), the injured party, cross-appeals the trial court's denial of a motion for directed verdict on the issue of liability. We reverse on both issues. As to the additur, because the evidence supported the jury's verdict, the trial court's additur was equivalent to it sitting as a "seventh juror." On liability, the court erred in refusing to grant a directed verdict in favor of the plaintiff where the defendant failed to rebut the presumption of negligence that arises in rear-end collisions.
Butts was struck from behind by Ortlieb while she was stopped at a stop sign. Butts testified that she experienced pain in the left side of her neck immediately after the collision, which progressively worsened. She obtained treatment for her injuries over the next year, including testing and treatment for temporomandibular joint dysfunction ("TMJ"). Two experts, an orthopedic surgeon and a dentist, testified that her injuries were permanent and resulted from the accident. Butts' medical bills totaled $21,244.74, of which $7,347.44 were attributed to TMJ. The defense presented two experts who presented different opinions as to the extent of Butts' *1167 injuries. An orthopedic surgeon, who examined Butts and reviewed x-rays taken of her a week after the accident, testified that there was no objective indication that she was injured or that she had suffered any permanent injury as a result of the car accident. A dentist also testified that Butts' problems with her jaw and teeth was not TMJ caused by the accident, but was the result of missing teeth, misalignment, a developmental defect in her bite, habitual tooth grinding, and sinus disease.
At trial Butts moved for directed verdict on liability, contending that Ortlieb failed to rebut the presumption of negligence that attaches in rear-end collisions. The court denied the motion and instructed the jury on negligence and comparative negligence. The jury returned a verdict finding Ortlieb seventy-five percent negligent and Butts twenty-five percent negligent. It awarded Butts $10,000.00 in past medical expenses and determined that she had not sustained permanent injury as a result of the accident. Thus, the jury awarded no future damages.
Post-trial, Butts moved for a new trial or additur, alleging the jury ignored the unrefuted evidence presented at trial that established she incurred $21,244.74 in medical expenses. After a hearing, the trial court granted an additur in the amount of $21,000 because the "jury inappropriately failed to consider unrebutted evidence as to the medical expenses." Ortlieb appeals the order of additur, and Butts appeals the denial of the directed verdict on liability.
Pursuant to section 768.043(1), Florida Statutes (2001), upon motion for additur, a trial court may review the jury's award of damages to the plaintiff and order an additur if it finds the award was clearly "inadequate in light of the facts and circumstances which were presented to the trier of fact." "Additur is an appropriate remedy only where a damage award is so inadequate as to shock the conscience of the court; a trial judge may not `sit as a `seventh juror,' thereby substituting his or her resolution of the factual issues for that of the jury.'" Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998) (quoting Poole v. Veterans Auto Sales & Leasing Co., 668 So.2d 189, 191 (Fla.1996)). Where there is undisputed evidence supporting an award of damages and the jury fails to make such an award, it is error for the trial court to deny a motion for additur. See id. On the other hand, where the evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence, it is error for the trial court to veto the jury verdict by granting a motion for additur. See Airstar, Inc. v. Gubbins, 668 So.2d 311, 313 (Fla. 4th DCA 1996).
In Airstar, after the jury was presented with sharply conflicting testimony regarding the plaintiff's condition, it determined that the plaintiff did not suffer permanent injury and awarded no damages. The trial court granted an additur of $47,935. This court reviewed the trial evidence which consisted of some doctors testifying that the plaintiff's injuries were permanent and caused by the accident, and other doctors testifying that her injuries were caused by prior accidents, age-related degeneration, or factors unrelated to the accident in question. We held that with such conflicting testimony, the jury's verdict was consistent with its view of the evidence. See id. We reversed the trial court's order of additur because it allowed the judge to act as a "seventh juror," essentially overruling the jury's view of the evidence.
In like manner, the jury's verdict in this case was consistent with its view of sharply conflicting evidence. The jury could have determined that Butts' jaw problems were not caused by the accident at all but *1168 were the result of other conditions. Therefore, the $7,347.44 of expenses attributable to TMJ would not have been included in the jury's damage award. As there was evidence presented that Butts suffered no permanent or traumatic injury to her back or neck, the jury also could have concluded that all of the past medical expenses incurred as a result of back injury, particularly those expenses recently incurred after a considerable break in treatment, were neither necessary nor related to the accident. Consistent with our ruling in Airstar, we conclude that the court erred in granting the additur.
On cross-appeal, Butts argues the trial court erred when it denied her motion for directed verdict on the issue of liability because Ortlieb failed to rebut the presumption of negligence that arises from a rear-end collision. "A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party." Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999) (citing Am. Motors Corp. v. Ellis, 403 So.2d 459, 467 (Fla. 5th DCA 1981)). When determining whether to grant a motion for directed verdict, the trial court must evaluate the evidence in favor of the nonmoving party. See id. "This is the test used by the trial court as well as the standard of review on appeal." Id. (citing Ritz v. Fla. Patient's Comp. Fund, 436 So.2d 987, 989 (Fla. 5th DCA 1983)).
A presumption of negligence arises in rear-end collision cases, which shifts the burden to the defendant to explain his or her inability to avoid the collision. The second district explained the shifting burden in Yellow Cab Co. of St. Petersburg, Inc. v. Betsey, 696 So.2d 769, 771 (Fla. 2d DCA 1996):
A rebuttable presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision. Klipper v. Gov't Employees Ins. Co., 622 So.2d 1141 (Fla. 2d DCA 1993); McNulty v. Cusack, 104 So.2d 785; Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). The burden then shifts to the defendant to explain his inability to avoid the collision. 347 So.2d at 657. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the effect of the presumption is dissipated. Gulle v. Boggs, 174 So.2d 26, 29 (Fla. 1965); Klipper, 622 So.2d 1141. In the absence of an explanation from the defendant, a directed verdict in favor of the plaintiff is proper. McNulty, 104 So.2d at 788. If the defendant produces evidence that fairly and reasonably shows that he was not negligent, the effect of the presumption disappears and negligence then becomes a jury question. Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980).
Here, Butts testified that she was stopped at a stop sign waiting for oncoming traffic to pass when she was rearended by Ortlieb. Ortlieb testified that she pulled behind Butts as she was stopped. Butts proceeded to go through the stop sign. Ortlieb pulled up to the white line and turned her head to the left to view oncoming traffic. When traffic cleared, Ortlieb put her foot on the gas and proceeded to go. Instantly, she hit Butts who had not fully entered the street. On cross-examination, Ortlieb admitted she only observed Butts pulling forward enough to allow her to move her car forward. From that point on, Ortlieb's head was turned to the left, and she put her foot on the gas and accelerated without confirming if Butts had entered the street. Thus, she did not know, and did not see, *1169 that Butts was still ahead of her also waiting for traffic to clear.[1]
Ortlieb maintains that Butts' stop after she pulled forward was unexpected and therefore the presumption of negligence was rebutted. Where "the lead vehicle suddenly stops, but the stop happens at a place and time where it was reasonably expected, then the presumption of negligence is not rebutted." Ferguson v. Disalvo, 775 So.2d 414, 415 (Fla. 4th DCA 2001) (citations omitted). Where, however, "the stop by the lead driver is `arbitrary' (i.e., unexpected and sudden), then the presumption is rebutted and the plaintiff is not entitled to a directed verdict." Id.
The evidence does not show that Butts' stop was sudden and unexpected. Ortlieb never saw Butts stop because, as she admits, she wasn't looking. That she accelerated her vehicle without looking to see where she was going does not fairly and reasonably show that she was not negligent. In fact, it shows the exact opposite. Because the presumption of negligence was not rebutted, the trial court erred in denying the motion for directed verdict.
For the foregoing reasons, we reverse the order of additur as well as the denial of a directed verdict. We therefore direct entry of a judgment in favor of appellee for the full amount of the jury verdict.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] This is revealed by Ortlieb's testimony on cross-examination, reprinted in pertinent part below.

Question: And as you're looking to your left and you don't see any oncoming traffic, that's when you put your foot on the gas, right?
Ortlieb: Correct.
Question: At the moment you did that, you know now that Carmen was sitting there right there in front of you, right?
Ortlieb: Correct.
Question: You never saw her, right?
Ortlieb: Correct.
Question: Because you never looked; isn't that right, Ma'am? You never looked.
Ortlieb: Correct.
Question: And when you put your foot on the gas and began to accelerate that truck, you still weren't looking, were you Ma'am?
Ortlieb: No. At the time I put my foot on the gas, I was turning my body around.
Question: And in fact, the first indication you had that she was still sitting there, right in front of you, was when you hit her?
...
Ortlieb: Yes.