SUAREZ, J.
Paul D. Pugliese and Regional Hospital-ists, Inc. (“Defendants”) appeal from an unsupported order granting a new trial on damages.[1] We reverse the order granting a new trial and remand with directions to reinstate the jury’s verdict. A review of the record shows the evidence presented at trial is conflicting and the jury could have reached its verdict consistent with the evidence. We, therefore, conclude the trial court erred in taking the verdict away from the jury by granting a motion for additur or new trial.
Prior to addressing the merits of the appeal, we note the trial court did not include in the order on appeal its rationale for granting Plaintiffs motion for new trial. The order granting a new trial was unsupported by any fact or law as required by section 768.043(2)(a)-(e), Florida Statutes (2013), or even the bare finding that the verdict was contrary to the manifest weight of the evidence. Indeed, such a minimum finding must also provide a basis in the record to sustain the grant of a new trial. See Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477, 479 (Fla. 3d DCA 1989) (finding that, in order to facilitate review of orders granting a new trial, the trial court must set forth its reasons so that the appellate court may then ascertain whether the trial court has abused its discretion); Wackenhut v. Canty, 359 So.2d 430, 435 (Fla.1978) (holding a new trial order *1232 must give reasons supporting a determination that the verdict is against the manifest weight of evidence or influenced by considerations outside the record to make it susceptible to appellate review); Dailey v. Hendricks, 213 So.2d 600, 602 (Fla. 1st DCA 1968) (“An observation by a trial judge that the verdict is contrary to the manifest weight of the evidence does not make such a finding an absolute fact; it must be found from a basis in the record ... If the record does not support the finding, it necessai'ily follows that an abuse of discretion is indicated on the part of the trial judge.”). This Court would ordinarily relinquish jurisdiction and remand to the trial court judge who issued the orders to explain the rationale underlying the ruling. In this case, remand for further information is not possible because the trial judge who made the rulings at issue is unavailable; she is no longer on the bench and belongs to a firm adverse to the Defendants’ counsel. See Airstar v. Gubbins, 668 So.2d 311, 312 (Fla. 4th DCA 1996). As remand in this case is not possible, we must base our opinion solely on our review of the record on appeal.
This appeal arises out of a jury trial for personal injuries in which the jury awarded damages to Charles Terek (“Plaintiff’), for past and future medicals and past and future pain and suffering. At trial, Defendants did not contest liability for the 2004 auto accident and did not contest that Plaintiffs 2006 surgery was the result of injuries received in that accident. The issues at trial were whether the medical costs for the 2006 surgery were reasonable, and further, whether the surgery in 2009 was also the result of the 2004 accident and, if so, whether the medical expenses for that surgery were reasonable. The issue of causation as to the 2009 injuries and subsequent surgery was hotly contested at trial. Evidence was presented that between 2004 and 2006, Plaintiff was treated for right leg and back pain as a result of the 2004 accident. An MRI taken after the accident in 2004 showed one herniated disc admittedly caused by the accident and no fractures. In 2006, Plaintiff underwent a percutaneous discec-tomy and thereafter was found to have reached maximum medical improvement (“MMI”). A 2006 independent medical exam confirmed the MRI results and the IME physician, Dr. Wender, agreed that Plaintiff was at MMI after that surgery.
In 2008, Plaintiff complained for the first time of pain radiating down the left leg. An MRI taken in 2009 showed three new herniated discs and three compression fractures. The doctors for both sides testified that these herniated discs and compression factures were not present in the initial, 2004, MRI. In 2009, Plaintiff underwent an anterior lumbar discectomy. Plaintiff claimed the 2009 surgery was the result of injuries sustained in the 2004 accident and put into evidence medical expenses for both the 2006 and 2009 surgeries, totaling $341,980.86. Defendants, on the other hand, argued that the three new herniated discs and compression fractures seen in the 2009 MRI were not the result of the 2004 accident but must have been caused by some intervening trauma. As such, Defendants argued, they could not be held responsible for the more than $200,000 in medical bills resulting from the 2009 surgei'y. Defendants presented testimony through the IME doctor, Dr. Wen-der, that the surgeon’s fees for the 2006 operation were not reasonable, and presented a lower amount that was considered reasonable for that procedure. The jury returned a verdict and awarded Plaintiff $70,041 for past medical expenses, $24,000 for future medical expenses, $25,000 for past pain and suffering and $50,000 for future pain and suffering, for a total award of $169,041.00. On Plaintiffs post-trial *1233 motion for additur, the trial court granted the motion and awarded him the $341,980.86 he requested at the outset of trial. Plaintiff rejected the additur and requested a new trial solely on the issue of damages, which the trial court granted.
It is error for a trial court to take away a jury verdict by granting a motion for additur where the evidence at trial was conflicting and where the jury could have reached its verdict in a manner consistent with the evidence. Ortlieb v. Butts, 849 So.2d 1165, 1167, 1168 (Fla. 4th DCA 2003). We have carefully reviewed the record. Conflicting evidence was presented at trial as to both the reasonableness of the medical fees and as to causation of the injuries that resulted in the 2009 surgery. We conclude there was sufficient evidence at trial from which the jury could have reasonably concluded that the 2009 surgery and related charges were not occasioned by Defendants’ 2004 negligence but were related to an intervening trauma suffered by Plaintiff.[2] The damages awarded covered Plaintiffs 2006 costs (not the disputed 2009 costs), and were not clearly insufficient or unsupported by the evidence at trial.[3] A jury verdict which finds such support in the record will not be disturbed on review. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla.1977); Undenoriters Nat’l Assurance Co. v. Harrison, 338 So.2d 58 (Fla. 3d DCA 1976).
We reverse the order below granting a new trial, and remand with directions to reinstate the jury’s verdict.

. The order granting a new trial solely on damages followed from the plaintiff’s motion for, then rejection of, the trial court’s unsupported $271,000 additur order for past medical expenses.

. For example, we note the startling differences between the 2004 and 2009 MRI reports confirmed by both Plaintiff’s and Defendants’ doctors, as well as Dr. Wender's trial testimony that implied an intervening trauma occurred between 2006 and 2009.

. From the record it appears the trial court believed it erred by allowing the testimony of Defendants' IME doctor as to the cause of the 2009 injuries evidenced by the second MRI. As such, the trial judge appears to have determined there was no other evidence from which the jury could have concluded that the 2009 injuries and subsequent surgery were not caused by the accident in question. For the reasons stated in the opinion, we need not address the issue of whether it was error to allow Dr. Wender to testify as to causation. There was sufficient evidence at trial, however, from which the jury could have reached its verdict without Dr. Wender’s testimony regarding causation.