DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO FERRER,**
Appellant,

v.

**ANA LA SERNA,**
Appellee.

No. 4D14-2475

[November 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 11-031247 (18).

Michael J. Neimand, General Counsel of United Automobile Insurance Company, Miami, for appellant.

Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, for appellee.

LEVINE, J.

The issue in this case is whether the trial court erred in awarding additur. We find that the trial court erred in not providing its findings in support of additur. Furthermore, because the evidence was conflicting and the jury could have reached its verdict consistent with the evidence, we reverse with instruction to reinstate the jury verdict.

Antonio Ferrer struck Ana La Serna's car at a low speed. Although she did not go see a doctor immediately, a few days later La Serna went to see her doctor, Dr. Epstein. Dr. Epstein found the accident had caused La Serna acute distress, a neck injury, sprains, and an aggravation to a preexisting back condition. Epstein also discovered La Serna suffered from a degenerative spinal condition. Although the accident had not caused the condition, it had resulted in the condition becoming symptomatic.

Dr. Epstein recommended La Serna not get chiropractic back adjustments as they could aggravate her condition. Despite Dr. Epstein's

recommendation, La Serna received chiropractic back adjustments from Dr. Rodriguez on a regular basis, multiple times a week, for several months.

Nearly a year after the accident, La Serna started to feel a radiating pain in her forearm. Dr. Epstein thought the inflammation in her neck caused the radiating pain in her arm, but was unable to objectively correlate the accident to the radiating pain. Dr. Troiano, who was retained by the defense, also indicated there were no objective findings to support a connection between La Serna's radiating pain and the car accident. Dr. Rodriguez, however, expressed "one hundred percent" certainty that the accident resulted La Serna's symptoms.

La Serna sued Ferrer for motor vehicle negligence, seeking $11,695.31 for past and future medical expenses. The jury returned a verdict for La Serna and found she had suffered a permanent injury. The jury awarded her $8,000 in damages for past and future medical expenses.

La Serna moved for additur, arguing the evidence was undisputed and that she should be awarded an additur for $3,695.31, the difference between what she requested and what the jury awarded. The trial court granted La Serna's motion. However, its order contained neither an explanation for why additur was warranted nor an option for a new trial in lieu of additur.

On appeal, Ferrer argues the trial court erred when it failed to include in its order the justification for additur or the option for a new trial. Ferrer requests that this court conduct an independent review of the record to determine whether the facts of this case permit an additur award.

A trial court's additur award is reversed only where there has been a clear abuse of discretion. *Aurbach v. Gallina*, 721 So. 2d 756, 758 (Fla. 4th DCA 1998).

Pursuant to section 768.043, Florida Statutes, a trial court may grant additur if the court determines the amount awarded was clearly inadequate. The statute sets forth the factors the court must consider before awarding additur:

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.

> (b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of

2

the case relating to the amounts of damages recoverable.

(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.

(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.043(2)(a)-(e), Fla. Stat.

Furthermore, when awarding additur, the trial court must provide its findings in support of the award. *See Airstar, Inc. v. Gubbins*, 668 So. 2d 311, 312 (Fla. 4th DCA 1996). If the trial court fails to set forth its findings, ordinarily the appellate court will relinquish jurisdiction so the trial court can specify its grounds for awarding additur. *Id.* However, where it is apparent from the record that awarding additur was an abuse of discretion, we will reinstate the jury verdict. *See id.* at 312-13.

In the present case, the trial judge's order did not set forth any findings in support of additur nor did it reference the statutory criteria. Although normally we would relinquish jurisdiction so the trial court could make the requisite findings, a review of the record leads us to conclude the trial court abused its discretion.

"Additur is an appropriate remedy only where a damage award is so inadequate as to shock the conscience of the court." *Aurbach*, 721 So. 2d at 758. Thus, where the "undisputed evidence" supports an award of damages and the jury fails to make such an award, the trial court must award additur. *See Ortlieb v. Butts*, 849 So. 2d 1165, 1167 (Fla. 4th DCA 2003). But where the "evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence," the trial court may not award additur. *Id.*

In *Airstar*, the evidence was in "sharp conflict" as to whether the plaintiff suffered a permanent injury as a result of a car accident. *Airstar*, 668 So. 2d at 312-13. Although the jury returned a verdict finding the plaintiff had not suffered permanent injury, the trial court granted additur. Upon examining the record, this court found the jury could have reached its verdict in a manner consistent with the evidence. Thus, to award

3

additur, the trial court would have had to come to a conclusion contrary to the jury's. "Mindful that a trial judge should not sit as a seventh juror with veto power," we reinstated the verdict. *Id.* at 313.

In this case, the evidence was conflicting regarding whether the accident caused the radiating pain in La Serna's arm. Of the doctors who testified, only the chiropractor, Dr. Rodriguez, was able to say with certainty that the accident caused La Serna's symptoms. The other testimony was, at best, equivocal, because the doctors were unable to objectively establish the accident caused La Serna's radiating pain. Furthermore, Dr. Epstein told La Serna that she should not get chiropractic neck adjustments because it could aggravate her symptoms. La Serna nevertheless got her neck adjusted multiple times a week for several months.

Because the evidence was in conflict, the jury could have concluded, consistent with the evidence, that the costs associated with La Serna's radiating pain were unrelated to the accident. *See id.* For the trial court to have granted additur, it would have had to come to the opposite conclusion and determined the accident caused La Serna's radiating pain. *Id.* Therefore, because the "undisputed evidence" did not support an award of additur, we remand to the trial court with instruction to reinstate the jury's verdict. *See Ortlieb*, 849 So. 2d at 1167.

In summary, we hold the trial court erred when it did not state its findings in support of additur in the record. We further hold the trial court abused its discretion in awarding additur because the record does not support the award.[1]

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Although we reverse on the ground that the trial court abused its discretion in awarding additur, we further note the trial court erred when it failed to provide Ferrer the option of a new trial. *See Concept, L.C. v. Gesten*, 662 So. 2d 970, 974 (Fla. 4th DCA 1995).

4