# Third District Court of Appeal

**State of Florida**

Opinion filed December 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1655
Lower Tribunal No. 12-18524
_____


**Milva Lissabet Ortega,**
Appellant,

vs.

**Blanchard Belony,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ronald C. Dresnick, Judge.

Cole Scott & Kissane and Scott A. Cole and Daniel M. Schwarz, for appellant.

Steven M. Goldsmith (Boca Raton); Lawlor Zigler, LLC, and Patrick W. Lawlor (Boca Raton), for appellee.


Before SHEPHERD, SALTER and LOGUE, JJ.

SHEPHERD, J.

This is what might be called a reverse eggshell plaintiff's personal injury case.[1]  The jury, not once, but twice refused to award the plaintiff any significant damages for past or future pain and suffering.  The trial judge, unable to fathom a $5,000 award for past and future pain and suffering for a broken neck, added $245,000 more to the jury verdict for this purpose.  For the reasons set forth below, we reinstate the verdict.

## Factual Background

This is an ordinary, bad accident case in Miami-Dade County, Florida.  Blanchard Belony, the driver of one of the vehicles, suffered a broken neck.  As a result of the collision, Belony was hospitalized in traction for eight days.  Although he could have elected surgery, he declined.  Instead, he wore a "halo"[2] for three months while the break mended.  During this time he lived with his brother, who assisted him with his bathing and other needs.  Belony also experienced difficulty sleeping, and, on one occasion, had to return to the hospital briefly to have the

---

[1] It is a familiar but accurate doctrine in a personal injury case that "the tortfeasor takes the plaintiff as he finds him." Silva v. Stein, 527 So. 2d 943, 944 (Fla. 3d DCA 1988).  One of the illustrations that runs through the English cases is that of the "eggshell skull," who suffers death where a normal person would only have had a bump on his head. Id.  However, just as unusual sensitivity will enhance a damage award, unusual hardness must reduce it. Virostek v. Liberty Twp. Police Dep't/Trustees, 14 Fed. Appx. 493 (6th Cir. 2001).

[22] A halo is "an orthopedic device used to immobilize the head and neck (as to treat fracture of neck vertebrae) that consists of a metal band placed around the head and fastened to the skull usually with metal pins and that is attached by extensions to an inflexible vest."  Merriam-Webster Medical Dictionary, http://www.meriam-webster.com/medical/halo (last visited Sept. 1, 2015).

screws in his halo tightened. At the end of three months, Belony's injuries had substantially healed, the halo was removed, and his only continuing ailment was mild neck pain. By the time of trial, Belony's complaint was residual back pain. His doctors did not recommend any future treatment, including follow-up surgery or physical therapy, after removal of the halo.

Less than a year after the accident, and in conjunction with his filing suit, Belony sought treatment for neck pain from orthopedic spinal surgeon, Dr. Mark Eskenazi. At this point, Belony's neck fracture had almost completely healed. Dr. Eskenazi recommended surgery, which Belony again refused, instead opting for three injections to his neck. Dr. Eskenazi administered the injections and told Belony to return if he felt any worse. After the injections from Dr. Eskenazi, Belony felt almost normal. By the time of trial, Belony had no difficulty performing the activities of daily living, had not returned to seek treatment from Dr. Eskenazi in over a year, and did not intend on seeking any future surgical procedures.

At the conclusion of trial, the jury found Belony seventy percent (70%) comparatively negligent in the accident, and awarded him his full $32,971.86 in past and future medical expenses, and zero damages for past and future pain and suffering. Believing the $0 award to be contrary to the evidence, the trial court ordered the jury to reconsider the pain and suffering award. After additional

deliberations, the jury awarded Belony $5,000 in past and future pain and suffering. Belony moved for additur pursuant to section 768.043 of the Florida Statutes.

At the hearing on the motion, the trial judge expressed "shock" at the pain and suffering award and expressed his view that the jury must have been "coldblooded" to return such a low verdict. He wondered aloud whether the "coldness" was discriminatory in nature, based on Belony's Haitian ethnicity. Upon being informed by defense counsel that a member of the jury was also of Haitian descent, the trial court persisted in his ethnic analysis by contemplating, without evidence, that perhaps Haitians are culturally driven to be heavier-handed against Haitians than other ethnic groups. After some reflection, the trial court increased the pain and suffering award to Belony to a total amount of $250,000. The written order reflects that additur was granted because the jury ignored the evidence and the pain and suffering award shocked the conscience of the court.

**Analysis**

Damages for pain and suffering are difficult to calculate, have no set standard of measurement, and for this reason are uniquely reserved to a jury for their decision. See Pitcher v. Zappitell, 160 So. 3d 145, 147 (Fla. 4th DCA 2015) ("[P]ain and suffering damages are discretionary and there are no 'specific measures to quantify such damages.'"); Gen. Foods Corp. v. Brown, 419 So. 2d

4

393, 394 (Fla. 1st DCA 1982) (stating that damages for pain and suffering are "peculiarly within the province of the jury"). When attempting to quantify a damage award for pain and suffering in a personal injury case, the trier of fact deals with the most intangible element of the award. One court has described it as "an attempt to 'measure that which is immeasurable.'" Food Fair Stores, Inc. v. Morgan, 338 So. 2d 89, 92 (Fla. 2d DCA 1976). For this reason, a pain and suffering verdict is "clothed with a presumption of regularity and is not to be disturbed if supported by the evidence." Republic Servs. of Fla., L.P. v. Poucher, 851 So. 2d 866, 869 (Fla. 1st DCA 2003). The well-established test for determining the adequacy of a jury verdict is simply "whether a jury of reasonable men could have returned that verdict." Griffis v. Hill, 230 So. 2d 143, 145 (Fla. 1969). The familiar refrain that the trial court "cannot sit as a seventh juror" applies. Terry Plumbing & Home Servs., Inc., v. Berry, 900 So. 2d 581, 585 (Fla. 3d DCA 2004).

In this case, there is no basis on which to conclude, as a matter of law, that a jury of reasonable men could not have reached a $5,000 award for pain and suffering on the evidence presented. The evidence reveals an unsympathetic plaintiff, largely at fault for the injuries he sustained, and injuries that healed quickly after a three month recovery, have no need of future medical treatment, and have little to no bearing on Belony's current quality of life. Just as a defendant

5

must pay the consequences for injuring an especially weak plaintiff, so too a defendant takes a strong, fast-healing plaintiff as he finds him. Belony suffered a severe, permanent injury in the car accident. However, he has proven to be resilient in his recovery and by the time of trial, felt "almost normal." The jury did not act unreasonably in reaching its verdict.

Reversed and remanded for reinstatement of the jury verdict.