DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASHLEY N. POGUE,**
Appellant,

v.

**JENNIFER GARIB,**
Appellee.

No. 4D17-2638

[October 3, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 50-2015-CA-011850-XXXX-MB.

Carri S. Leininger of Williams, Leininger & Cosby, P.A., North Palm Beach, for appellant.

Roy D. Wasson of Wasson & Associates, Chartered, Miami, for appellee.

MAY, J.

The defendant in an auto accident case appeals an order granting a new trial on damages only after rejecting an additur. She argues that a successor judge erred in granting the plaintiff's motion for an additur when the jury returned a verdict for the plaintiff for far less than the amount requested. We agree and reverse.

A rear-end collision during stop and go traffic on I-95 led to this litigation. The parties dispute the severity of the accident. But factually, the plaintiff's SUV's airbag did not deploy, and the plaintiff did not report any pain or injuries at the scene. She was neither seen by EMS nor transported to the hospital. Instead, she drove from the accident scene to get her hair washed, and returned to work for the day.

Sometime after the accident, the plaintiff began physical therapy and chiropractic treatment, complaining mainly of injuries to her neck, lower back, hand, and jaw. After months of therapy, she continued to self-treat at home. She received no injections, pain medication, or surgery related to the claimed injuries.

About a year after the accident, the plaintiff filed a negligence action. At trial, the plaintiff admitted she could still do everything she was able to do before the accident, but claimed to be slower. Six months after the accident, she reported to her OBGYN that she had no complaints of back pain, numbness, or weakness.

Her physician, and her only medical expert, testified that he believed she had suffered a permanent injury as a result of the accident. He opined she would need disc replacement surgery, but his medical records reflected a fusion recommendation. He testified she would need future lumbar surgery, but admitted that recommendation was recent because he previously recommended only injections.

The defense medical expert testified the plaintiff's MRI films showed that her neck and back injuries were not due to disc herniation, but rather disc desiccation, which is degenerative in nature and not caused by traumatic injury. He testified the plaintiff did not suffer a permanent injury, and there was no need for future medical treatment. Both doctors testified that it is common to see degenerative conditions in an MRI of someone in their forties.

The plaintiff requested $47,042 in past medicals, $117,000 in future medicals ($108,000 for surgery and $9,000 for epidural injections), $36,500 for past pain and suffering, and $73,000 for future pain and suffering.

The jury found the defendant's negligence was the legal cause of the injury, and the plaintiff sustained a permanent injury. The jury awarded

- $11,767 in past medicals;
- $9,000 in future medicals;
- $0 in past pain and suffering; and
- $0 in future pain and suffering.

The verdict represented one quarter of the amount of requested past medicals. The amount of future medicals awarded was consistent with only the future epidural injections. The defendant advised the court that the verdict was inconsistent because the jury found a permanent injury, but failed to award damages for pain and suffering.

The parties and trial court agreed about the inconsistency, and drafted a jury instruction. Before the trial court instructed the jury, the plaintiff moved for a mistrial. She argued the verdict was inconsistent and did not

agree to the additional instruction.  The trial court denied the motion and gave the following instruction:

> Under Florida law, if the jury finds that the plaintiff suffered a permanent injury, you must award some damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of disease, or physical defect or loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future.  There is no exact standard for measuring such damage.  The amount should be fair and just in light of the evidence.

The plaintiff objected to the use of "some damages"; the trial court overruled the objection.  The jury deliberated and awarded $500 each for past and future pain and suffering.

The plaintiff moved for an additur or new trial.  She argued the $1,000 award for pain and suffering was inadequate as a matter of law based on the evidence.  A successor judge heard the motion.  During the hearing, the judge admitted that he had not reviewed the entire trial transcript.[1]  Nevertheless, the successor judge found the jury instruction concerning pain and suffering damages was a departure from the standard instruction, and resulted in an award that was against the manifest weight of the evidence.  The successor judge then awarded an additur of $20,000, indicating that if the defendant rejected the additur, he would order a new trial on damages only.

The defendant rejected the additur, and the successor judge granted a new trial on damages only.  From this order, the defendant appeals.

The defendant argues the successor judge abused its discretion in awarding an additur, and then a new trial on damages only, because the jury's award on past and future non-economic damages was consistent with the conflicting evidence.  The defendant requests a reversal and reinstatement of the jury's verdict.

The plaintiff responds that the trial court erred in its instruction to the jury, which included the phrase "some damages," in overruling her objection to the instruction, and denying her motion for mistrial.  She further argues the additur awarded by the successor judge was in

---

[1] It appears the only portions of the trial transcript filed by the time of the hearing were excerpts pertaining to the jury's verdict and the discussion of the proposed jury instruction on pain and suffering damages.

accordance with the law and consistent with the manifest weight of the evidence.

A trial court's order on a motion for additur or new trial is reviewed for an abuse of discretion. *Ferrer v. Serna*, 179 So. 3d 523, 524 (Fla. 4th DCA 2015). However, a successor judge is not accorded the same deference. *Wohlfiel v. Morris*, 122 So. 2d 235, 237 (Fla. 2d DCA 1960). This is because a successor judge must rely on the written record alone, having not witnessed the trial. *Wolkowsky v. Goodkind*, 14 So. 2d 398, 402 (Fla. 1943) (en banc). And, it is critical that the successor judge review the record. *Id.*

> A jury's verdict should not be lightly set aside. Our constitution says that the right of trial by jury must remain inviolate. It has long been well settled in this jurisdiction that where the jury has been properly instructed by the Court and the evidence is conflicting, and the case is one in which a jury of reasonable men could have found the verdict rendered on the evidence submitted to them, a new trial should not be granted.

*Id.* This calls for a "hands off" approach when the evidence is in conflict and the verdict is supported by the evidence.

Section 768.043(1), Florida Statutes (2017), provides that "a trial court may grant additur if the court determines the amount awarded was clearly inadequate." *Ferrer*, 179 So. 3d at 524. Subsection (2) lists the criteria to consider whether the verdict is inadequate:

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
>
> (b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
>
> (c) Whether the trier of fact took improper elements into account or arrived at the amount of damages by speculation or conjecture.
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
>
> (e) Whether the amount awarded is supported by the evidence

4

and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.043(2), Fla. Stat.

Additur is only appropriate where the award shocks the conscience of the court. *Ferrer*, 179 So. 3d at 525. The trial court may not award an additur "where the 'evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence.'" *Id.* (quoting *Ortlieb v. Butts*, 849 So. 2d 1165, 1167 (Fla. 4th DCA 2003)).

Let's start with the premise set by our supreme court: where a jury finds that a plaintiff has sustained a permanent injury and awards future medical expenses, but no future intangible damages, the verdict is not inadequate as a matter of law. *Allstate Ins. Co. v. Manasse*, 707 So. 2d 1110, 1110 (Fla. 1998). Awards of zero damages for future noneconomic damages are unreasonable ONLY when undisputed evidence of permanent injury and a need for treatment in the future exist. *See Garrett v. Miami Transfer Co.*, 964 So. 2d 286, 291 (Fla. 4th DCA 2017).

Here, the jury found the plaintiff sustained a permanent injury, but originally failed to award any damages for past and future pain and suffering. The trial court instructed the jury to award "some damages" for pain and suffering because it had found the plaintiff suffered a permanent injury. The jury then awarded $1,000 for pain and suffering.

The defendant argues the $1,000 award for past and future pain and suffering was consistent with the conflicting evidence at trial. We agree. This case resembles *Ferrer v. Serna*.

There, the evidence conflicted on whether the accident caused the plaintiff's arm pain. *Ferrer*, 179 So. 3d at 525. One of the doctors testified the accident caused the symptoms, and the "other testimony was, at best, equivocal, because the doctors were unable to objectively establish the accident caused" the plaintiff's pain. *Id.* Though she requested nearly $12,000, the jury awarded only $8,000 for past and future medical expenses after finding a permanent injury. *Id.* at 524.

The plaintiff moved for an additur; the trial court granted the motion. *Id.* The defendant appealed. Because the evidence was in conflict, we reversed. *Id.* at 525; *see also Ortega v. Belony*, 185 So. 3d 538, 540 (Fla. 3d DCA 2015).

Here, the evidence was similarly conflicting. The plaintiff's doctor, and

only medical expert, testified that her injuries were permanent, and though he had not previously done so, he now recommended surgery. The defense expert however testified the plaintiff's injuries were not permanent, and the bulging shown in the MRI was degenerative in nature due to aging. He also testified there was no need for further treatment.

Another defense witness, who surveilled the plaintiff, testified she was out doing normal activities, including bending down, taking care of her kids, and smiling. And, on the day of the accident, the plaintiff left the accident scene to have her hair washed before going to work—without any complaints of pain.

"Damages for pain and suffering are difficult to calculate, have no set standard of measurement, and for this reason are uniquely reserved to a jury for their decision." *Ortega*, 185 So. 3d at 539-40 (citing *Pitcher v. Zappitell*, 160 So. 3d 145, 147 (Fla. 4th DCA 2015)). Here, the jury considered the evidence and decided to award only $1,000 for pain and suffering. That conclusion is supported by the evidence.

Because the evidence was conflicting, the successor judge erred in granting an additur. *See Ferrer*, 179 So. 3d at 525. The successor judge was not permitted to "sit as a seventh juror," and had no record basis to conclude the jury could not have reached its verdict based on the evidence. *Ortega*, 185 So. 3d at 540 (citation omitted). We therefore reverse and remand for reinstatement of the verdict.

*Reversed and remanded for reinstatement of the jury's verdict.*

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***