# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1515
LT Case No. 2020-CA-000883

_____

CAMERON ANDREW GARROW and
KENNETH JOSEPH GARROW,

     Appellants,

     v.

ANN MARIE ANTONIETTA and
JAMES ANTONIETTA,

     Appellees.

_____


On appeal from the Circuit Court for Seminole County.
Dawn P. Fields, Judge.

Ezequiel Lugo, of Banker Lopez Gassler, P.A., Tampa, for
Appellants.

Jeremy K. Markman, of King & Markman, P.A., Orlando, for
Appellees.

February 2, 2024


LAMBERT, J.

     Cameron Garrow and Andrew Garrow, who were the defendants below in the negligence action filed against them by Appellees arising out of a motor vehicle accident, have timely appealed the trial court's order granting a new trial following the

Garrows' rejection of an additur ordered by the court under section 768.043, Florida Statutes (2022). The new trial was limited solely to the claims of Appellee, Ann Marie Antonietta, for past and future non-economic damages and the claim of Appellee, James Antonietta, for future loss of consortium damages. We reverse and remand for reinstatement of the jury's verdict and entry of judgment consistent with the verdict.

We begin with the recognition that "[d]amages for pain and suffering are difficult to calculate, have no set standard of measurement, and for this reason are uniquely reserved to a jury for their decision." *Pogue v. Garib*, 254 So. 3d 503, 507 (Fla. 4th DCA 2018) (quoting *Ortega v. Belony*, 185 So. 3d 538, 539–40 (Fla. 3d DCA 2015)). A trial court does, however, have the limited authority to grant an additur in the type of action filed below, but only when, under the facts and circumstances presented to the trier of fact, the money damages awarded are *clearly* inadequate. *See* § 768.043(1), Fla. Stat. (2022).

The granting of an additur is reviewed for an abuse of discretion. *Moore v. Perry*, 944 So. 2d 1115, 1117 (Fla. 5th DCA 2006) (citing *Republic Servs. of Fla., L.P. v. Poucher*, 851 So. 2d 866 (Fla. 1st DCA 2003)); *Ferrer v. Serna*, 179 So. 3d 523, 524 (Fla. 4th DCA 2015) (citing *Aurbach v. Gallina*, 721 So. 2d 756, 758 (Fla. 4th DCA 1998)). Discretion is considered to have been abused when the trial evidence is in conflict and the jury could have reached its verdict in a manner consistent with the evidence. *Moore*, 944 So. 2d at 1118; *Ferrer*, 179 So. 3d at 525 (quoting *Ortlieb v. Butts*, 849 So. 2d 1165, 1167 (Fla. 4th DCA 2003)); *Ortlieb*, 849 So. 2d at 1167 ("[W]here the evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence, it is error for the trial court to veto the jury verdict by granting a motion for additur." (citing *Airstar, Inc. v. Gubbins*, 668 So. 2d 311, 313 (Fla. 4th DCA 1996))).

Without the need for detailed elaboration of the conflicting evidence regarding these intangible damages at issue, the evidence presented to the jury was sufficiently conflicting such that its verdict awarding Ann Marie Antonietta $20,000 for past non-economic damages and $100,000 for future non-economic damages was entirely consistent with the evidence the jury

received and evaluated at trial. Moreover, the jury's verdict as to James Antonietta's loss of future consortium damages was fully consistent with his express trial testimony. Accordingly, we agree with the Garrows that the trial court abused its discretion in granting the additur and in ordering the previously described new trial.[1]

Appellees have also moved for an award of appellate attorney's fees. The motion was filed after the time for service of the reply brief, and after Appellants had in fact filed their reply brief; and the motion is therefore denied as untimely. *See* Fla. R. App. P. 9.400(b)(1); *Lobel v. Southgate Condo. Ass'n*, 436 So. 2d 170, 171 (Fla. 4th DCA 1983).

REVERSED and REMANDED with directions to the trial court to reinstate the jury verdict and enter a final judgment consistent with the verdict; DENY Appellees' motion for appellate attorney's fees.

EDWARDS, C.J., and JAY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

_____

[1] We also conclude that the other arguments raised by the Garrows in their initial brief either lack merit or have been rendered moot by our decision.