TAYLOR, J.
Kings Gourmet Market (Kings) appeals the trial court’s order granting an additur to the plaintiffs damages in this slip-and-fall case. We affirm, concluding that the trial court did not abuse its broad discretion in granting an additur for future non-economic damages.
Before plaintiff was injured from her fall in the grocery store and underwent knee replacement surgery, she was a very active, athletic woman, who regularly jogged in the mornings and bicycled in the afternoons. Since the accident and numerous surgeries and treatments, she can no longer engage in these physical activities and now uses a cane to walk. As the trial court found, ample evidence was presented to support an award for plaintiffs loss of capacity for enjoyment of life. See Republic Services of Florida, L.P. v. Poucher, 851 So.2d 866, 870 (Fla. 1st DCA 2003) (stating that a trial court’s order granting an additur is reviewed for a clear abuse of discretion); Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998) (stating that a trial court’s determination regarding ad-ditur may be reversed on appeal only where there is a clear abuse of discretion); see also Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999) (stating that in reviewing a trial court’s ruling on a motion for new trial based on the verdict being inadequate or excessive, the appellate court must “recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial court committed an abuse of discretion. If an appellate court determines that reasonable persons could *1196 differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.”).
We find no merit in the remaining points on appeal and affirm the judgment of the trial court in all respects.

Affirmed.

STEVENSON, C.J., and WARNER, J., concur.