DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURENTINA KOCIK,** as Personal Representative of the
**ESTATE OF JUREK KOCIK,**
Appellant/Cross-Appellee,

v.

**EDDY PABLO RODRIGUEZ,**
Appellee/Cross-Appellant.

No. 4D19-3534

[September 8, 2021]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE14-003666(14).

Warren B. Kwavnick and Kelly Lenahan of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, for appellant/cross-appellee.

Javier A. Basnuevo Valdivia and Harris C. Roberts IV of Roberts, P.A., Coconut Grove, for appellee/cross-appellant.

GERBER, J.

In the underlying negligence action, the plaintiff-laborer obtained a jury verdict awarding him damages against the defendant-homeowner for injuries which the plaintiff suffered while working on the defendant's home renovation project. The defendant appeals from both the liability finding and damages award, and the plaintiff cross-appeals from the comparative negligence finding. On the defendant's liability arguments and the plaintiff's cross-appeal, we affirm without further discussion. On the defendant's damages argument that the circuit court erred in granting the plaintiff's motion for additur, we reverse and remand for the circuit court to reinstate the jury's verdict amount in a final judgment.

We present this opinion in three parts:
1. The trial evidence and jury verdict;
2. The plaintiff's motion for additur; and
3. This appeal.

# 1. *The Trial Evidence and Jury Verdict*

At trial, the plaintiff presented the following evidence. The defendant decided to conduct a home renovation project without hiring a licensed contractor and without obtaining a required building permit. The defendant instead hired an unlicensed contractor and then left the country without providing any qualified worksite supervision.

During the project, the plaintiff was enlisted as a day laborer to help remove a wall and install a ceiling support beam. The plaintiff was instructed to go up a ladder to remove some electrical conduit in the ceiling so the support beam would fit into place. The plaintiff asked if the power was off, and was told it was off.

As one would now expect to read, the power was not off. When the plaintiff touched the electric conduit, he received a shock. He fell off the ladder and, as he hit the floor, fractured his femur in one leg.

The plaintiff underwent surgery to repair his femur. After a three-day hospital stay, he was discharged. He received physical therapy over a three-month period.

The plaintiff's orthopedic surgeon testified the surgery entailed hollowing out the plaintiff's femur and inserting a metal rod inside it. The surgeon then fixed the rod in place with screws. On cross-examination, the surgeon testified the surgery was a success, and he had not treated the plaintiff in years. According to the surgeon, the only future treatment which the plaintiff might require was a minor procedure to remove the screws.

The plaintiff testified he continues to have pain nearly six years after the incident, which he is forced to control with medication. Asked to rate his pain on a scale of one to ten, the plaintiff rated his pain as follows: a nine, immediately after the fall; a seven, following hospital discharge; a five or six, after completing physical therapy; and a four or five, sitting through the trial.

In response to the defendant's questions, the plaintiff admitted he had resumed construction work. He also had resumed his fishing hobby.

During closing argument, the plaintiff's counsel asked the jury to award $79,142.62 for past medical bills, $1,000 for future medical bills, $150,000 for past pain and suffering, and $112,600 for future pain and

suffering.  However, the plaintiff's counsel also told the jury that he would leave the future pain and suffering award in their "sound hands."

The defendant's counsel argued that if the jury found the defendant at fault to any degree, the jury should award the plaintiff a sum for his medical bills, but should award only $25,000 for his pain and suffering.

The jury found both the defendant and the plaintiff negligent, specifically finding the plaintiff 55% and the defendant 45% at fault.  The jury awarded the plaintiff $81,000 for combined past and future medical bills and $25,000 for combined past and future pain and suffering.  (The verdict form had not asked the jury to apportion between past and future damages.)

## 2. *The Plaintiff's Motion for Additur*

After the jury's verdict, the plaintiff filed a motion for additur to the jury's $25,000 combined past and future pain and suffering award, which the plaintiff argued was not supported by the evidence.  The plaintiff specifically argued the jury's $25,000 award was grossly inadequate compared to awards in similar broken femur cases.  The plaintiff requested an additur of $250,000 for his combined past and future pain and suffering.

The defendant filed a response opposing the plaintiff's additur motion.  The defendant argued the jury's $25,000 combined past and future pain and suffering award was reasonable because the evidence showed the plaintiff had not sought treatment in the years after his surgery and had resumed construction work.

The circuit court issued an order granting the plaintiff's additur motion, specifically adding $225,000 for future pain and suffering, resulting in a $250,000 combined past and future pain and suffering award.  In support, the circuit court's order cited section 768.74(5)(d), Florida Statutes (2019), and *Ortlieb v. Butts*, 849 So. 2d 1165, 1167 (Fla. 4th DCA 2003), for the proposition that "the award does not bear a reasonable relationship to the injuries suffered and so shocks the conscience of this Court."  The court's order also stated the jury's $25,000 combined past and future pain and suffering award was "grossly inadequate" compared to awards in similar broken femur cases.  According to the circuit court's order, the jury's $25,000 award in this case was far below "the average award" for this type of injury.

The defendant filed a notice rejecting the additur which, pursuant to section 768.74(4), Florida Statutes (2019), entitled the defendant to a new damages trial.

### 3. *This Appeal*

The defendant then filed this appeal. The defendant argues the circuit court abused its discretion in granting the plaintiff an additur, because the circuit court pointed to nothing in the evidence to support its conclusory finding that the jury's $25,000 combined past and future pain and suffering award was grossly inadequate. According to the defendant, the evidence supported the jury's award, and the circuit court acted as a seventh juror by improperly relying on other broken femur awards to find that the jury's award in this case was far below "the average award" for this type of injury.

The plaintiff responds the circuit court did not abuse its discretion in granting an additur, because the jury's $25,000 combined past and future pain and suffering award did not bear a reasonable relationship to the evidence, and shocked the circuit court's conscience.

We agree with the defendant's argument. Section 768.74, Florida Statutes (2019), provides:

> (1) In any action to which this part applies wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact.
>
> (2) If the court finds that the amount awarded is excessive or inadequate, it shall order a remittitur or additur, as the case may be.
>
> (3) It is the intention of the Legislature that awards of damages be subject to close scrutiny by the courts and that all such awards be adequate and not excessive.
>
> (4) If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.

4

(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:

(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;

(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;

(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;

(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

(6) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of this state.

§ 768.74, Fla. Stat. (2019).

Pursuant to section 768.74, we recognize a trial judge has discretionary authority to grant an additur motion, and "[t]he fact … there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial [court] abused [its]

discretion [in granting an additur motion]." *Kings Gourmet Mkt., Inc. v. Hertz-Kusz*, 941 So. 2d 1195, 1196 (Fla. 4th DCA 2006) (citation omitted).

However, in considering an additur motion, a trial court may not act as a seventh juror by "substituting [its] resolution of the factual issues for that of the jury." *Ortlieb*, 849 So. 2d at 1167 (citation omitted).

Here, we conclude the circuit court abused its discretion in granting the plaintiff's additur motion, because the jury weighed conflicting evidence which could have borne a reasonable relation to the jury's $25,000 combined past and future pain and suffering award, as the defendant had argued in closing.

To support our conclusion, we shall examine in detail *Kings Gourmet* and *Ortlieb*, as *Kings Gourmet*'s facts are distinguishable from the instant case, while *Ortlieb*'s facts are similar.

In *Kings Gourmet*, the plaintiff brought a slip and fall negligence action against a grocery store. 941 So. 2d at 1195. The trial evidence showed that before the plaintiff's slip and fall, she was a very active and athletic person, who regularly jogged and bicycled. *Id.* After the slip and fall, which resulted in numerous surgeries and treatments, the plaintiff could no longer engage in those activities and had to use a cane to walk. *Id.* However, the jury did not award future non-economic damages. *Id.* The plaintiff filed an additur motion for future non-economic damages. *Id.* The trial court granted the plaintiff's additur motion, finding "ample evidence was presented to support an award for [the] plaintiff's loss of capacity for enjoyment of life." *Id.* On the defendant's appeal, we affirmed, agreeing with the trial court's finding, and concluding the trial court did not abuse its broad discretion in granting the future non-economic additur. *Id.*

Unlike in *Kings Gourmet*, where the evidence showed the plaintiff underwent numerous surgeries and treatments and suffered life-long injuries and lifestyle changes, here the jury weighed conflicting evidence regarding the plaintiff's past and future pain and suffering and its effect on his lifestyle. Although the plaintiff indisputably experienced pain from the incident and surgery, he testified his pain had diminished over time, he had resumed construction work, and had resumed his fishing hobby. Further, his orthopedic surgeon testified the surgery was a success, he had not treated the plaintiff in years, and the only future treatment which the plaintiff might require was a minor procedure to remove the screws.

In *Ortlieb*, the plaintiff sued the defendant for injuries arising from a rear-end auto accident. 849 So. 2d at 1166. The plaintiff testified that

immediately after the collision, she experienced neck pain, which progressively worsened. *Id.* Over the next year, she was treated for her injuries. *Id.* The plaintiff's experts testified her injuries resulted from the accident and were permanent. *Id.* However, the defendant's experts testified the plaintiff's injuries did not result from the accident and were not permanent. *Id.* at 1166-67. The jury determined the plaintiff had not sustained a permanent injury as a result of the accident. *Id.* at 1167. Thus, the jury awarded no future damages. *Id.* The plaintiff moved for additur, which the trial court granted, because the jury "inappropriately failed to consider unrebutted evidence as to the medical expenses." *Id.* On the defendant's appeal, we reversed the additur, concluding "the jury's verdict ... was consistent with its view of sharply conflicting evidence." *Id.* We also stated, "because the evidence supported the jury's verdict, the trial court's additur was equivalent to it sitting as a 'seventh juror.'" *Id.* at 1166.

Similar to *Ortlieb*, here the jury weighed conflicting testimony about the extent of the plaintiff's past and future pain and suffering. The defendant relied on the plaintiff's testimony and his orthopedic surgeon's testimony to argue that a $25,000 pain and suffering award would be reasonable compensation for the plaintiff's injury. The jury's verdict to that effect was supported by the evidence and should not have been disturbed by the circuit court sitting as a "seventh juror."

### *Conclusion*

In sum, given the conflicting evidence about the plaintiff's past and future pain and suffering in the instant case, the jury's $25,000 award could have borne a reasonable relationship to the plaintiff's injury. Thus, the circuit court abused its discretion in granting the plaintiff's additur motion and disturbing the jury's verdict. Accordingly, we reverse the circuit court's $225,000 additur, and remand for the circuit court to enter a final judgment reinstating the jury's $25,000 combined past and future pain and suffering award.

As stated above, we affirm without further discussion on all remaining arguments raised in the appeal and cross-appeal.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and FORST, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*